UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Devaries D. Dillard,

Petitioner,

vs. REPORT AND RECOMMENDATION

Sharyl Ramsted Hvass,
Commissioner, Minnesota
Department of Corrections,

Respondent. Civ. No. 00-715 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of April, 2000.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws or the treaties of the United States. The Petitioner has appeared pro se, and no appearance has been made by the Respondent. For reasons which follow, we recommend that the

FILED APR 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice.[1]

II. Factual and Procedural Background

The Petitioner is a State prisoner, who is serving a 160-month sentence for aiding and abetting first degree assault. See, State v. Dillard, No. C7-98-662, 1999 WL 10250 (Minn.App. Jan. 12, 1999), rev. denied (Minn., March 16, 1999). He is serving this sentence after having been convicted, by a Jury, of this offense. After his Trial, the Petitioner appealed his conviction to the Minnesota Court of Appeals, where he raised four grounds for reversal:

---

[1]The Respondent has yet to appear as we are recommending a summary dismissal, as provided in Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides in relevant part:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. * * *

> 1. That the weight of the evidence and the interests of justice required a new Trial;
>
> 2. That the Trial Court abused its discretion in ordering a 50-month upward durational departure;
>
> 3. That there was a misidentification; and
>
> 4. That he received ineffective assistance of Trial counsel.

Id.

Notwithstanding these claimed errors, the Minnesota Court of Appeals affirmed the Petitioner's conviction and sentence. Id. On March 16, 1999, the Minnesota Supreme Court denied further review.

Subsequent to the Minnesota Court of Appeals' decision, on the issues that were raised in his direct appeal, the Petitioner sought additional State review of the processes which resulted in his conviction, by two State Petitions for Postconviction relief. See, Minnesota Statutes Sections 590.01, et seq. In his first Petition for Postconviction Relief, the Petitioner sought relief from the Minnesota Court of Appeals, based upon his argument that the Trial Court abused its discretion in ordering a 50-month upward durational departure. See, Petition for Writ of Habeas Corpus, at 3. On January 12, 1999, the Minnesota Court of Appeals denied the Petitioner's Petition for Postconviction relief. Thereafter, the Petitioner filed a second Petition for Postconviction relief, in which he asserted the following grounds for relief:

1. Prosecutorial abuse of procedural due process;

2. Denial of rights under the Equal Protection Clause;

3. Whether the record contained sufficient evidence to warrant a new Trial.

Id. at 4.

On November 4, 1999, the Minnesota Supreme Court denied the Petitioner's second Petition for Postconviction relief.

On April 23, 1997, the Petitioner filed his current Federal Petition for a Writ of Habeas Corpus. By this Petition, the Petitioner raises the following grounds for Habeas relief:

1. That his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the Petitioner evidence that was favorable to him;

2. That he was denied the effective assistance of Trial counsel;

3. That his conviction was obtained by a violation of his privilege against self-incrimination; and

4. That his conviction was obtained by the use of a coerced confession.

Notably, the Petitioner raised only two of these grounds in his direct appeal, and in Petitions for Postconviction relief. Further, in his Petition, the Petitioner proffers only one explanation for his failure to bring the unraised issues to the attention of a State forum, prior to the commencement of this Federal Habeas

action -- namely, that he did not know "the law and what's appropriate in constituting a denial of his right". Id. at 6.

## III. Discussion

A. Exhaustion and Procedural Default. Here, it appears that the Petitioner failed to raise his coerced confession, and self-incrimination claims, when he sought post-conviction relief within the Minnesota State Courts and, therefore, these claims should be dismissed, because they were not exhausted, and are in procedural default.

1. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus if the Petitioner has not first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine whether a particular exercise of police power comports with the Constitution. See, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b) (1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception

applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when possible that State Court would make an exception to procedural default rule and reach merits of petitioner's claim), cert. denied, 498 U.S. 986 (1990). Or, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v.

Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[2] Id.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, in which the Petitioner has no chance of prevailing on the issue of futility. Id. As is evident from his Petition, the Petitioner's claim, that his conviction was obtained by a violation of his privilege against self-incrimination, and that his conviction was obtained by the use of a illegally coerced confession, were never presented for the review of the State Courts. Instead, the Petitioner asserted these

[2]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

grounds, for the first time, in his Petition for a Writ of Habeas Corpus. In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the factual and legal substance of these claims. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971). As we have noted, it is axiomatic that a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims that are presented in his Federal Petition. See, Picard v. Conner, supra at 275; Duncan v. Henry, supra at 888; Joubert v. Hopkins, supra at 875-76. Resort to Federal Habeas relief is not in lieu of a State Court appeal. Brown v. Allen, 344 U.S. 443, 485 (1953); Ashker v. Leapley, supra at 1179. The exhaustion requirement of the Federal Habeas Statute is based upon the principle that, "as a matter of comity, Federal courts should not consider a claim in a Habeas Corpus petition until after State Courts have had an opportunity to act." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1995), quoting Rose v. Lundy, 455 U.S. 509, 515, (1982).

In the present case, the Petitioner has not submitted evidence that his Federal claims -- involving the use of a coerced confession, and a violation of his privilege against self-incrimination -- were first presented to the Minnesota State Courts. Further,

the Petitioner has failed to argue, or to demonstrate, that a resort to State remedies would have been futile. Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition, due to his failure to exhaust, his Petition should be summarily dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMEND:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed, without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 20, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 20, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

For Immediate Release
March 7, 2000

# PUBLIC NOTICE

## UNITED STATES DISTRICT COURT

## FEDERAL COURT PROPOSES TO AMEND LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces that the Court approved, subject to public comment, two amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel. These proposed amendments are as follows:

- **LR 4.1 Service**

  Local Rule 4.1 will be amended to allow Minnesota county sheriffs and their deputies to perform the duties relating to civil process that are referred to in Fed. R. Civ. P. 4.1. The Committee Note accompanying this local rule has also been amended.

- **LR 79.1 Custody and Disposition of Records, Exhibits and Documents Under Seal**

  Local Rule 79.1 will be amended to clarify the procedures that the Clerk of Court will follow for the disposition of documents filed under seal. Any such document, (as well as any model, diagram or other exhibit introduced as evidence), will have to be removed by the party that submitted it within four months after the case is finally decided, (unless there is an appeal, in which event the deadline will be extended to 30 days after the appeal is completed). The deadline for removal may be extended by court order. Sealed documents, (as well as models, diagrams and other exhibits), that are not removed in a timely manner may be destroyed, after notice, by the Clerk.

As required by federal statute, the proposed revisions will be posted by the Court for public review and comment through **Friday, April 7, 2000**, and will be adopted by the full Court following consideration of any comments or suggestions received by the Clerk of Court (see below) during the public notice period.

The proposed local rules are available for review by accessing a temporary web site at http://members.xoom.com/localrules/; in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; or by contacting the Clerk of Court at the address below.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1123