**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DEVARIES D. DILLARD, Civil No. 00-715 (DWF/RLE)

Petitioner,

v. **ORDER**

SHERYL RAMSTAD HVASS,
Commissioner of Minnesota
Department of Corrections,
sued as Sharyl Ramsted,

Respondent.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1997 state court conviction for aiding and abetting first degree assault. See State v. Dillard, No. C7-98-662 (Minn. Ct. App. 1999), 1999 WL 10250 (unpublished op.) The matter was assigned to Magistrate Judge Raymond L. Erickson, who found that the petition could not properly be entertained because Petitioner had not exhausted his state court remedies with respect to some of the claims raised in the petition. It was therefore recommended that the petition be summarily dismissed without prejudice. (Report and Recommendation, ["R&R"], dated April 4, 2000 [Doc. No. 4].) By order dated April 25, 2000, this Court adopted the Magistrate Judge's R&R and ordered that the case be dismissed without prejudice. (Doc. No. 5.)

On May 22, 2000, Petitioner filed two documents in this matter–(1) a "Summary Request for an extension of time," by which he is asking the Court to grant him an extension of time to file

FILED JUN 14 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

a Notice of Appeal, and (2) a request for a "Certificate of Appealability." (Doc. Nos. 9 and 10.) The case is now before the Court for the purpose of addressing and resolving these two requests.

## DISCUSSION

### A. The Request For Extension Of Time

Petitioner initially asks the Court to extend the time for filing a Notice of Appeal in this case, pursuant to Fed. R. App. P. 4(a)(5).[1] The Court finds, however, that Petitioner's application for a Certificate of Appealability ("COA"), which accompanied his request for an extension of time, should be construed as a Notice of Appeal, thereby obviating the need for an extension of time to file a separate document specifically identified as a "Notice of Appeal."

Federal courts, including our own Court of Appeals, have consistently ruled that a post-judgment document that appears to challenge the correctness of a particular district court order or judgment should be given the benefit of liberal construction, and may be construed as Notice of Appeal, even if it is not specifically labeled as such. Smith v. Barry, 502 U.S. 244, 248 (1992)

---

[1] Fed. R. App. P. 4(a) (5) provides as follows:

**(5) Motion for Extension of Time.**

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(notice of appeal requirements should be liberally construed). "[A] technically deficient document that is the functional equivalent of the required notice can serve as a notice of appeal if the document is filed within the thirty-day appeal period." Martin v. American Family Mut. Ins. Co., 157 F.3d 580, 581 (8th Cir. 1998). A request for a COA normally will be viewed as an acceptable substitute for a formal Notice of Appeal, because such requests usually indicate that an appeal is intended, and they usually identify: (i) the party that wishes to appeal, (ii) the court from which the appeal is taken, and (iii) the judgment or order giving rise to the intended appeal. Rodgers v. Wyoming Attorney General, 205 F.3d 1201, 1204 (10th Cir. 2000) (noting that "this court has often permitted an application for . . . a certificate of appealability to serve as a notice of appeal").

In this case, it is readily apparent from Petitioner's COA request that he is seeking appellate review of the judgment dismissing his habeas corpus petition. Taking into consideration Petitioner's pro se status, and the fact that his COA request was filed within the thirty-day time limit for filing an appeal, the Court concludes that Petitioner's COA request should be construed as a Notice of Appeal. The Clerk of Court will therefore be directed to designate Petitioner's COA request as a Notice of Appeal, (as well as a COA application), and treat it as if it were more formally identified as a "Notice of Appeal." This means that Petitioner will be deemed to have filed a Notice of Appeal in this matter on May 22, 2000–the date when his COA request was filed. The Court's construction of Petitioner's COA request will avoid the need for an extension of the deadline for filing a Notice of Appeal. Therefore, Petitioner's "Summary Request for an extension of time" will be DENIED AS MOOT.

**B. The Request For Certificate Of Appealability**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

In its recent decision in Slack v. McDaniel, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

120 S. Ct. at 1604.

In this case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id.

After again considering the record as whole, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for non-exhaustion. As the Magistrate Judge explained in his R&R, at least two of Petitioner's current grounds for relief – (i) that his conviction was obtained in violation of his privilege against self-incrimination, (ground three), and (ii) that his conviction was obtained by use of a "coerced confession," (ground four) – have not been fairly presented to the state courts. Because those two claims have not been exhausted, Petitioner's application for habeas corpus relief must be viewed as a "mixed petition" – i.e., one that includes both exhausted and unexhausted claims. It is settled beyond all doubt that mixed petitions must be dismissed for non-exhaustion. Rose v. Lundy, 455 U.S. 509, 522 (1982). It is therefore inconceivable that any "reasonable jurist" would not agree that Petitioner's case had to be summarily dismissed.

It also is worth noting that Petitioner's case was dismissed without prejudice, which means that he can file a new habeas corpus petition (in a new case) that would include only fully-exhausted claims.[2] Because Petitioner still retains the right to seek federal habeas review of his fully-exhausted

---

[2] Dismissing this case without prejudice leaves Petitioner with two options if he wants to continue to challenge his conviction: (1) he can immediately file a new petition that omits all unexhausted claims; or (2) he can return to the state courts and attempt to exhaust his presently unexhausted claims, and then return to federal court with all of his fully exhausted claims. If he selects the first option, of course, he will almost certainly forfeit the opportunity to seek federal habeas review of his presently unexhausted claims. Rose, 455 U.S. at 520-21. The second option, however, may prove unavailing if it is determined that state procedural rules bar Petitioner from now raising his unexhausted claims in the state courts. By dismissing the present petition without prejudice, and allowing Petitioner to pursue his unexhausted claims in the state courts, the Court does not mean to imply that any state court necessarily will (or should) address the merits of any of Petitioner's presently unexhausted claims. Rather, the dismissal without prejudice is intended to give Petitioner the benefit of the doubt. In other words, the Court is giving Petitioner the opportunity to convince the state courts that his unexhausted claims have not yet been procedurally defaulted, and that they should be decided on the merits.

If the state courts ultimately determine that Petitioner's unexhausted claims are procedurally barred, (i.e., that they cannot be considered on the merits by reason of some state procedural rule), then Petitioner will not be able to raise those claims in any subsequent federal habeas action, unless he can show cause and prejudice (or new evidence proving his actual innocence). Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

Petitioner may believe that he can satisfy Coleman's "cause" requirement by pointing to errors allegedly committed by his appellate counsel. That will not work, however, because Petitioner has not challenged the constitutional adequacy of his appellate counsel in any state court proceeding. Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000) ("'[A] claim of ineffective assistance,' we have said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'"), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). If Petitioner should find it necessary to show cause and prejudice to overcome a procedural default of his currently unexhausted claims, he will not be able cite ineffective assistance of appellate counsel as the cause for his procedural default, unless he has first fairly presented his ineffective assistance claim to the state courts as an independent claim for relief. Edwards, 120 S. Ct. at 1592 (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

constitutional claims, he cannot make a "substantial showing" that the Court's present judgment (calling for dismissal without prejudice) has deprived him of a constitutional right. Therefore, his application for a COA does not satisfy the other threshold criteria identified in Slack.

In short, the Court concludes that Petitioner has shown no arguable basis for taking an appeal in this matter at this time. His request for a COA will therefore be denied.[3]

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's request for a Certificate of Appealability (Doc. No. 10) is construed to be a Notice of Appeal in this matter, and the Clerk of Court is directed to docket it and treat it accordingly;

2. Petitioner's "Summary Request for an extension of time" (Doc. No. 9) is **DENIED AS MOOT**; and

---

[3] The Court notes that if Petitioner seeks appellate review of this order, he presumably will have to either pay the full $105 filing fee for an appeal, or else seek and obtain leave to proceed in forma pauperis ("IFP"). At present, of course, there is no IFP application before the Court, so Petitioner's eligibility for IFP status on appeal is not now before the Court and will not be decided here. (Petitioner obviously could elect to pay the full filing fee at the appellate court level, just as he did at the district court level.) It should be noted, however, that the Court finds no arguable factual or legal basis for an appeal in this matter, for the reasons discussed herein. Therefore, if Petitioner hereafter seeks leave to proceed IFP on appeal, that request will undoubtedly be denied on the grounds that the appeal is not taken "in good faith." See 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (an appeal is frivolous, and is therefore not taken in good faith, "where it lacks an arguable basis either in law or in fact").

3. Petitioner's request for a Certificate of Appealability (Doc. No. 10) is **DENIED**.

Dated: June 14, 2000

DONOVAN W. FRANK
Judge of United States District Court